| | |
|---|---|
| MICHAEL FORTE,<br><br>      Petitioner,<br><br>vs.<br><br>BRANDON JONES,<br><br>      Respondent. | Case No. 3:21-cv-00184-RRB |

## ORDER OF DISMISSAL

Michael Forte, representing himself from Anchorage Correctional Complex (ACC) West, has filed a habeas petition under 28 U.S.C. § 2241, complaining of the conditions of his confinement, and has paid the $5.00 filing fee applicable for habeas petitions in this Court.[1] Mr. Forte asserts that he is being denied access to the courts through the institution's law library while incarcerated at ACC.[2]

Mr. Forte also asserts that he does not recall the number of his federal criminal case.[3] The Court takes judicial notice that Mr. Forte's federal criminal case number is 3:15-cr-00062-SLG-DMS-1.[4] The Court confirms that Mr. Forte is

---

[1] Docket 1.

[2] *Id*. at 2, 6–8.

[3] *Id*. at 1.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly

incarcerated at ACC awaiting a hearing on a petition to revoke supervised release, and that he is represented by counsel.[5]

## SCREENING REQUIREMENT

A Court must "promptly examine" a habeas petition.[6] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion..."[7] In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[8]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[9] The writ "is a vital 'instrument for

---

available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[5] 3:15-cr-00062-SLG-DMS-1, Dockets 106–127.

[6] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[7] *Id.*

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[9] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

the protection of individual liberty' against government power."[10] Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[11] This habeas statute provides federal courts with general habeas corpus jurisdiction.[12] Mr. Forte is challenging his access to the courts through the prison law library, rather than the legality of his detention. Therefore, this petition must be dismissed.

## Access to the Courts

Mr. Forte may file a claim for the violation of his civil rights under 42 U.S.C. § 1983. He is cautioned, however, that although prisoners have a federal constitutional right to access the courts,[13] prison officials may select the *method* to ensure that prisoners have the ability to file suit.[14] The right to court access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[15] In order to establish a

---

[10] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[11] 28 U.S.C. § 2241(c)(3).

[12] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[13] *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017); *see also Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

[14] *Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[15] *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

violation of the right to access the courts, a prisoner must sufficiently plead an *actual injury* that that shows "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[16]

Because he is represented by counsel in his criminal case, Mr. Forte may not be able to show any such actual injury. But Mr. Forte may file such a claim, if it applies to him, stating the actual injury he suffered from a specific action by an individual government officer.

Mr. Forte is cautioned that 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."[17]

**Therefore, IT IS HEREBY ORDERED:**

---

[16] *Lewis*, 518 U.S. at 349.

[17] 28 U.S.C. § 1915(g). Under § 1915(e)(2)(B), the Court is required to screen cases filed by prisoners who seek to waive the $402.00 filing fee, and to dismiss the case if it determines that the action--
    (i)     is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is immune from such relief.

1. The Petition, at Docket 1, is DISMISSED without prejudice to filing a new separate and appropriate civil rights case. The Clerk of Court will send Mr. Forte a form PS01, Prisoner's Complaint Under the Civil Rights Act, with instructions, and a form PS11, Prisoner's Application to Waive Prepayment of the Filing Fee, with this order.

2. The Clerk of Court is directed to refund the $5.00 filing fee to Mr. Forte.

3. The Court, having concluded that Mr. Forte has not made a substantial showing of the denial of a constitutional right appropriate in a habeas case, DENIES a certificate of appealability.[18] Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.[19]

---

[18] *See* 28 U.S.C. 2253(c):
    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
*See Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (citation omitted).
For the reasons set forth in this order, Mr. Forte has not made a substantial showing of the denial of a constitutional right, or that jurists of reason could disagree with the district court's resolution, or that he deserves encouragement to proceed further in a habeas proceeding. *Banks*, 540 U.S. at 705.

[19] *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.

4. The Clerk of Court is directed to enter a Judgment accordingly.

Dated at Anchorage, Alaska. this 17th day of August, 2021.

                                                */s/ Ralph R. Beistline*
                                                RALPH R. BEISTLINE
                                                Senior United States District Judge